IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK G STALLINGS,

    Petitioner,

v.                                                                               No. 23-cv-00993-DHU-SCY

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,
GEORGE STEPHENSON,

    Respondents.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Rick Stallings' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed November 9, 2023. Doc. 1 (the "Petition"). Stallings challenges his state convictions for murder, burglary, and theft. *Id.* at 3. Having reviewed the matter under Habeas Corpus Rule 4, it appears that the one-year statute of limitations expired in January 2021. The Court will therefore require Stallings to show cause why his Petition should not be dismissed as untimely.

**I. Procedural Background**[1]

In 2017, a jury convicted Stallings of first-degree murder, aggravated burglary, larceny of a firearm, unlawful taking of a motor vehicle, and theft of a credit card. *See* D-1116-CR-2015-00901, Judgment and Sentence (Dec. 22, 2017). The state court sentenced him to prison for a term of sixteen and a half years to run consecutively with a term of imprisonment for the remainder of his natural life. *Id.* The state court entered its judgment on December 22, 2017. *Id.*

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Stallings' state court criminal dockets, Case No. D-1116-CR-2015-00901, S-1-SC-36843, and S-1-SC-39649. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Stallings filed a direct appeal to the New Mexico Supreme Court ("NMSC"). *See* case no. S-1-SC-36843. The NMSC affirmed his convictions and sentence in an opinion issued August 27, 2020. *Id.* The state dockets reflect that Stallings did not file a certiorari petition with the United States Supreme Court. *See* Docket Sheets D-1116-CR-2015-00901 and S-1-SC-36843. His conviction therefore became final on January 25, 2021, the first business day after the then-existing 150-day deadline to file a petition for a writ of certiorari in the United States Supreme Court. *Hall v. Ward*, 117 F. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the time period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed); *see also* United States Supreme Court Order issued March 19, 2020 (Order List: 589 U.S.) ("[T]he deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment), *rescinded* July 19, 2021 (Order List: 594 U.S.). There was no discernable tolling activity in the year that followed; thus, the one-year limitation period for filing a § 2254 habeas petition expired on January 25, 2022. *See* 28 U.S.C. § 28 U.S.C. § 2244(d)(1) (describing the one-year period of limitation).

Stallings filed a state habeas petition about five months later, on June 27, 2022. The state court denied the petition on September 21, 2022. *See* case no. D-1116-CR-2015-00901, Habeas Corpus Petition (June 27, 2022). Stallings then filed a petition for a writ of certiorari in the NMSC, which the court denied on January 17, 2023. *See* case no. S-1-SC-39649. He filed the present federal Petition on November 9, 2023, more than a year and nine months after January 25, 2022 (the date his statute of limitations expired). Doc. 1.

In the Petition, Stallings argues a litany of errors deprived him of a fair trial and affected the validity of his conviction including ineffective assistance of counsel, speedy trial violation, prosecutorial misconduct, and others. Doc. 1 at 5. He seeks equitable tolling of the statute of limitations for reasons related to the Covid-19 pandemic. *Id.* at 41. Stallings paid the $5 habeas filing fee, and the matter is ready for initial review.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

In this case, the one-year limitation period began to run on January 25, 2021, after the expiration of the deadline to file a petition for a writ of certiorari in the United States Supreme Court.[2] *See Hall*, 117 F. App'x at 20. With no tolling activity in the ensuing year, the limitations

---

[2] Stallings asserts that the limitations period began to run on October 13, 2021, when he received a copy of the NMSC's mandate. Doc. 1 at 43. Addressing a similar argument in an unpublished case, the Tenth Circuit has clarified that the operative limitations date is that on which the state court issued its judgment, not the date the mandate was issued. *Troutt v. Jones*, 288 F. App'x 452, 453 (10th Cir. 2008).

period expired on January 25, 2022. Any state habeas petitions filed after that date did not, as Stallings may believe, restart the clock, or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001).

This brings the Court to Stallings' alternative argument that *equitable* tolling should apply to extend the time for him to file his petition. Equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). He must also describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances and due diligence") (emphasis in original).

Stallings argues that, around October 2021, he was affected by Covid-19, contracting the virus twice between 2021 and 2022. Doc. 1 at 41. He further asserts the facility imposed lockdowns that limited access to the law library. *Id.* A lockdown that impedes access to relevant law is usually insufficient to warrant equitable tolling. *See Winston v. Allbaugh*, 743 F. App'x 257, 258-59 (10th Cir. 2018) (citing *Bickham v. Allbaugh*, 728 Fed. App'x 869, 871 (10th Cir. 2018)); *Jones v. Taylor*, 484 Fed. App'x 241, 242-43 (10th Cir. 2012); *Sandoval v. Jones*, 447

4

Fed. App'x 1, 4 (10th Cir. 2011); *Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."). The same is true when an inmate lacks library access for other reasons. *See Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *United States v. Orecchio*, 2022 WL 2062440, at *3 (10th Cir. 2022) (noting "[t]he lack of a . . . library alone does not rise to the level of an . . . extraordinary circumstance" and that "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim.") (internal quotation marks and citations omitted). Equitable tolling may be available based on a total lack of legal access, such as "a complete confiscation of [petitioner's] legal materials just weeks before his filing deadline." *U.S. v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008). However, the inmate must still establish due diligence. *Id.*

Here, Stallings has not met his burden to show extraordinary circumstances as well as diligence necessary for the Court to apply the extraordinary remedy of equitable tolling. First, approximatively nine months passed between January 25, 2021, when the conviction became final, and October 2021 when Stallings was affected by covid. Although Stallings asserts that his attorney did not provide him the NMSC mandate until October 2021, Doc. 1 at 40-41, it is clear from a letter he attached to his Petition that his attorney provided him the NMSC's final order when it was issued on August 27, 2020, *id.* at 103. Stallings does not explain why he needed the mandate in order to prepare his federal habeas petition. Stallings also does not address what steps he took in the final months of the limitations period—approximately October 2021 to January

5

2022 to diligently pursue his claims notwithstanding the effects of the pandemic. That is, Stallings has not yet explained how limited law library access impacted his ability to timely pursue his federal habeas claim. *See, e.g.*, *Pena-Gonzales*, 2022 WL 214747, at *1 (10th Cir. 2022) (finding no equitable tolling where petitioner alleged "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library").

For the foregoing reasons, Stallings must show cause why the Petition filed November 9, 2023, is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Stallings must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE