IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK G. STALLINGS,

    Petitioner,

v.                                                                     No. 2:23-cv-993 DHU/SCY

GEORGE STEPHENSON, Warden, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Petitioner Rick G. Stallings' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) ("Petition"). Stallings challenges his 2017 state convictions for murder, burglary, and theft. *Id.* at 3. The Court previously directed Stallings to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations period. Because Stallings does not demonstrate grounds for tolling, the Court will dismiss the Petition with prejudice.

## BACKGROUND

        In 2017, a jury convicted Stallings of first-degree murder, aggravated burglary, larceny of a firearm, unlawful taking of a motor vehicle, and theft of a credit card. *See* Case No. D-1116-CR-2015-00901, Judgment and Sentence (Dec. 22, 2017).[1] The state court sentenced him to prison for a term of sixteen and a half years to run consecutively with a term of imprisonment for

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Stallings' state court criminal dockets, Case Nos. D-1116-CR-2015-00901, S-1-SC-36843, and S-1-SC-39649. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

the remainder of his natural life. *Id.* The state court entered its judgment on December 22, 2017. *Id.* Based on the life sentence, Stallings filed a direct appeal to the New Mexico Supreme Court ("NMSC"). *See* Case No. S-1-SC-36843. The NMSC affirmed Stallings' convictions and sentence in an opinion issued August 27, 2020. *Id.* The state dockets reflect that Stallings did not file a certiorari petition with the United States Supreme Court. *See* Docket Sheets D-1116-CR-2015-00901 and S-1-SC-36843. His convictions therefore became final on January 25, 2021, the first business day after the then-existing 150-day deadline to file a petition for a writ of certiorari in the United States Supreme Court. *Hall v. Ward*, 117 Fed. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the time period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed); *see also* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("[T]he deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment."), *rescinded* July 19, 2021, 338 F.R.D. 801. There was no discernable tolling activity in the year that followed; thus, the one-year limitation period for filing a § 2254 habeas petition expired on January 25, 2022. *See* 28 U.S.C. § 2244(d)(1) (describing the one-year period of limitation).

Stallings filed a state habeas petition about five months later, on June 27, 2022. The state court denied the petition on September 21, 2022. *See* Case No. D-1116-CR-2015-00901. Stallings then filed a petition for a writ of certiorari in the NMSC, which the NMSC denied on January 17, 2023. *See* Case No. S-1-SC-39649. He filed the present federal § 2254 Petition on November 9, 2023, more than a year and nine months after January 25, 2022 (the date his statute of limitations expired). (Doc. 1).

In his Petition, Stallings argues he was deprived of a fair trial due to, *inter alia*, ineffective assistance of counsel, speedy trial violations, and prosecutorial misconduct. Stallings paid the $5 habeas filing fee on May 6, 2024. (Doc. 4). By an Order entered May 30, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined that, absent grounds for tolling, the habeas one-year limitations period expired on January 25, 2022 and the § 2254 Petition was untimely. (Doc. 5). The Court explained that Stallings' state habeas petition, filed on June 27, 2022, did not restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Court ordered Stallings to show cause why the § 2254 Petition should not be dismissed as untimely. (Doc. 5) at 5-6. After being granted three extensions, on August 26, 2024 Stallings filed his response to the show-cause Order, titled "Response to Memorandum Opinion and Order to Show Cause." (Doc. 11) ("Response").

## **DISCUSSION**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

3

Because the limitations period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Stallings' convictions became final and the one-year statute of limitations began to run on January 25, 2021, the first business day after the deadline to file a petition for a writ of certiorari in the United States Supreme Court. *See Hall*, 117 Fed. App'x at 20 (recognizing a conviction becomes final after the time-period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed). There was no tolling activity in the year that followed, so the one-year limitation period for filing a § 2254 habeas petition expired on January 25, 2022. *See* 28 U.S.C. § 2244(d)(1). Stallings' state habeas petition, filed on June 27, 2022, did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbot*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 (same). Accordingly, absent equitable tolling, the one-year limitations period expired on January 25, 2022, and any § 2254 claims filed after that date are time-barred.

The Court explained the above principles in its Order to Show Cause. (Doc. 5). In his Response to the Order to Show Cause, Stallings does not contest the above timeline of state court filings. (Doc. 11). The Court discerns that the Response, construed liberally, seeks tolling because: (i) the Court should apply the doctrine of equitable tolling more leniently because Stallings was sentenced to life without parole; (ii) Stallings has been assessed to have low-average verbal, cognitive, organization, and processing speed IQs, and suffers from depression for which he is on medication; (iii) Stallings' left ring finger was injured on September 18, 2021, leaving him in pain and unable to work on his habeas corpus petition; (iv) the correctional facility where Stallings was incarcerated was in lock-down off and on during the appeal period because of the

4

COVID-19 pandemic, limiting Stallings' access to a legal library and removal of some of his legal work; (v) on January 30, 2021, and again on April 22, 2021, Stallings contracted COVID-19 and was very sick and did not have access to his property; (vi) the facility was in lockdown for limited periods of time in June, July, and August 2021 for various reasons unrelated to COVID-19; (vii) the legal library where Stallings was incarcerated did not have a legal librarian, Lexis, law books, or adequate access during the appeal period, and the facility had a policy that inmates could not assist other inmates in legal matters; and (viii) Stallings did not receive the NMSC mandate regarding his direct appeal until October 13, 2021.   (Doc. 11) at 1-6.

The one-year statute of limitations on filing a writ of habeas corpus may be tolled either through statutory or equitable tolling.   *See* 28 U.S.C. § 2244; *Holland v. Florida*, 560 U.S. at 651-52 (holding that 28 U.S.C. § 2244 "is subject to equitable tolling in appropriate cases.").   Statutory tolling occurs: (i) while a state habeas petition is pending, (ii) where unconstitutional state action has impeded the filing of federal habeas petition, (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim, or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2).   By contrast, equitable tolling provides more generalized relief; a petitioner is entitled to equitable tolling if the petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way.   *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

I. **EQUITABLE TOLLING**

As noted above, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Equitable tolling is "'a rare remedy to be applied in unusual circumstances.'" *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

**A. First Element of Equitable Tolling: Extraordinary Circumstances**

In his show-cause Response, Stallings cites numerous circumstances that allegedly prevented him from filing a federal habeas petition during the pendency of the one-year period, *i.e.*, between January 25, 2021 and January 25, 2022. Stallings argues: (i) the Court should apply the doctrine of equitable tolling more leniently because he was sentenced to life without parole; (ii) Stallings has been assessed to have low-average verbal, cognitive, organization, and processing speed IQs, and suffers from depression for which he is on medication; (iii) Stallings' left ring finger was injured on September 18, 2021, leaving him in pain and unable to work on his habeas corpus petition; (iv) the correctional facility where Stallings was incarcerated was in lock-down off and on during the appeal period because of the COVID-19 pandemic, limiting Stallings' access to a legal library and removal of some of his legal work; (v) on January 30, 2021, and again on April 22, 2021, Stallings contracted COVID-19 and was very sick and did not have access to his property; (vi) the facility was in lockdown for limited periods of time in June, July, and August 2021 for various reasons unrelated to COVID-19; (vii) the legal library where Stallings was incarcerated did not have a legal librarian, Lexis, law books, or adequate access during the appeal

period, and the facility had a policy that inmates could not assist other inmates in legal matters; and (viii) Stallings did not receive the NMSC mandate regarding his direct appeal until October 13, 2021. (Doc. 11) at 1-6.

### 1. Equitable Tolling is not Applied More Leniently for Life Sentences

Stallings first argues that the Court is required to apply the doctrine of equitable tolling more leniently because he was sentenced to life without parole. (Doc. 11) at 1 (citing *Fahy v. Horn*, 240 F.3d 239 (3rd Cir. 2001)). Stallings is correct that courts have held that in capital, or death penalty, cases less than "extraordinary" circumstances have triggered equitable tolling of the statute of limitations because "the consequences are so grave" and "death is different." *Fahy*, 240 F.3d at 244-45. However, Stallings' case is not a death penalty case, and the law is settled that in all other § 2254 cases a petitioner must demonstrate that "the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220; *see also Faircloth v. Raemisch*, 692 Fed. App'x 513, 523 (10th Cir. 2017) ("[I]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (quoting *Fahy*, 240 F.3d at 244). The Court therefore applies the required "extraordinary circumstances" standard for establishing grounds for equitable tolling.

### 2. Stallings' IQ Assessments, Injury to his Finger, and COVID-19 Illnesses

Stallings next seeks equitable tolling due to medical and physical impairments during the appeal period. He states he has been assessed with low-average verbal, cognitive, organization, and processing speed IQs, and suffers from depression for which he is on medication. (Doc. 11) at 1-2, 4. He further states that on September 18, 2021, his left ring finger was injured leaving

him in pain and unable to work on his habeas corpus petition, and on January 30, 2021 and April 22, 2021, he contracted COVID-19. *Id.* at 2-4, 6.

As to his physical issues, Stallings has not demonstrated that his injured finger or COVID-19 illnesses prevented him from filing a § 2254 petition during the entire duration of the one-year period. *See Takemire v. Novak*, 57 Fed. App'x, 385, 387 (10th Cir. 2003) (denying equitable tolling, despite the petitioner's history of "long standing physical complications," when the petitioner did not show such issues "made it impossible to file"). Indeed, Stallings states his injury and illnesses were treated by medical personnel and he does not allege ongoing effects or that they made it impossible for him to file during the entire appeal period. *See* (Doc. 11) at 2-3.

Regarding Stallings' IQ tests and depression, "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *White v. Roberts*, 605 Fed. App'x 731, 734 (10th Cir. 2015) (citing *Reupert v. Workman*, 45 Fed. App'x. 852, 854 (10th Cir. 2002) and *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)). "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Del Rantz v. Hartley*, 577 Fed. App'x 805, 810 (10th Cir. 2014). Instead, equitable tolling is appropriate only if the petitioner presents "adequate proof of incompetence" during the relevant timeframe. *Reupert*, 45 Fed. App'x at 854. While Stallings attaches the competency evaluation results from his trial, which reflect assessments of low-average IQs, the ultimate assessment was that Stallings "does not present with global impairments that would render him incompetent to stand trial" and he "presented with both rational and factual understanding of his charges and legal proceedings, and … was able to demonstrate sufficient knowledge of the legal system and

8

articulated pertinent legal information relevant to his case in a clear manner." (Doc. 11) at 20. This evidence does not support a finding that Stallings was adjudged incompetent or that he has a profound mental impairment.

In addition, Stallings' filings in this case do not support a finding that he is unable to file documents or sufficiently understand the Court's orders and respond. Indeed, Stallings was able to pursue a habeas claim on a different conviction during the appeal period for this case. *See Stallings v. Santistevan*, Civ. No. 20-14 JB/KBM (Docs. 12, 15, 18, 19, 20, and 21) (filings Stallings made in that case on February 22, 2021; March 8, 2021; July 14, 2021; September 7, 2021; September 10, 2021; and October 4, 2021). Accordingly, the record does not support a finding that Stallings' mental capacity was so severe that it rendered him incapable of timely pursuing legal remedies. *See Smith v. Saffle*, 28 Fed. App'x 759, 760 (10th Cir. 2001) (unpublished) (noting that exceptional circumstances warranting equitable tolling based on mental incapacity "are not present where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity"); *Biester*, 77 F.3d at 1268 (declining to equitably toll statute of limitations where "the evidence demonstrates that, in spite of his mental condition, [the plaintiff] was capable of pursuing his own claim" during the relevant time period).

### 3. Facility Lockdowns and Access to Legal Resources

Stallings next seeks equitable tolling due to facility lockdowns for the COVID-19 pandemic and other reasons throughout the appeal period. (Doc. 11) at 2-3. He states he did not have access to a legal library and some of his legal work was removed during the lockdowns, and further contends the legal library where he was incarcerated did not have a legal librarian, Lexis, law books, or adequate access, and the facility had a policy that inmates could not assist other inmates in legal matters. *Id.*

The Tenth Circuit has not granted equitable tolling for cases of alleged inadequate law library facilities, resources, or staff. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (declining to toll the statute of limitations period where the petitioner argued the facility had neither materials for review that would allow the petitioner to file an informed habeas petition, nor a process to request those materials); *Marsh*, 223 F.3d at 1220 (holding that library staff's incompetence was not sufficient to warrant equitable tolling). The Tenth Circuit has also not granted equitable tolling in cases where petitioners were limited in the time they could spend in the library. *See Levering v. Dowling*, 721 Fed. App'x 783, 788 (10th Cir. 2018) (holding that limited time in the law library and lack of access to trial transcripts is not an extraordinary circumstance justifying equitable tolling); *Weibley v. Kaiser*, 50 Fed. App'x 399, 403 (10th Cir. 2002) ("Allegations regarding insufficient library access, standing alone, do not warrant equitable tolling.").

In addition, the Tenth Circuit has held that a prolonged lockdown that impedes access to relevant law, and an inadequate law library or assistance from other inmates, are insufficient to warrant equitable tolling. *See Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown … does not qualify as extraordinary."). This is the case even in the context of prolonged COVID-19 lockdowns. *See Strickland v. Crow*, 2022 WL 245521, at *4 (10th Cir. 2022) (declining to apply equitable tolling where the habeas petitioner had "limited access to the prison law library due to COVID-19 quarantine lockdowns"); *Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (declining to apply tolling where the petitioner had "limited access to the law library in the wake of COVID-19" and alleged that "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents"); *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. 2022) (finding no

10

equitable tolling where the petitioner alleged "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library").

To establish an extraordinary circumstance due to lack of legal resources, "the inmate … must go one step further and demonstrate that the alleged shortcomings in the library … hindered his efforts to pursue a legal claim." *United States v. Oakes*, 445 Fed. App'x 88, 94 (10th Cir. 2011); *see also Miller*, 141 F.3d at 978 (to show the circumstances were extraordinary, the petitioner must provide "specificity regarding the alleged lack of access"). Here, Stallings does not allege specific facts showing that the lockdowns or the inadequate law library "prevented him … from timely moving for relief" under 28 U.S.C. § 2254. *United States v. Tinsman*, 2022 WL 3208346, at *4 (10th Cir. 2022). As noted above, Stallings filed at least six motions or pleadings in another action in this Court during the pendency of the federal limitation period, *i.e.*, between January 25, 2021 and January 25, 2022. *See Stallings v. Santistevan*, Civ. No. 20-14 JB/KBM; *see also Garcia v. Drummond*, 2024 WL 4902736, at *5 (10th Cir. 2024) (concluding that a habeas petitioner cannot not show extraordinary circumstances based on "his limited access to the law library" where he "successfully filed several documents with the Oklahoma courts, including a *pro se* motion for a suspended sentence and an application for post-conviction relief"); *Trujillo v. Santistevan*, 828 Fed. App'x 510, 511 (10th Cir. 2020) (rejecting argument that "restrictions on law-library access slowed [the petitioner's] ability to prepare a state habeas petition," because, "[d]espite these restrictions, [the petitioner] was able to file the state habeas petition … so the restrictions in law-library access thus didn't trigger equitable tolling"). Stallings also fails to describe what materials he lost or explain what resources he needed to timely file a § 2254 petition. Stallings therefore does not demonstrate extraordinary circumstances based on lockdowns or lack of access to legal resources.

#### 4. Stallings' Delayed Receipt of NMSC Mandate

Finally, Stallings seeks tolling because he did not receive the NMSC mandate regarding his direct appeal until October 13, 2021. (Doc. 11) at 1-6. The NMSC opinion affirming Stallings' convictions and sentence was issued August 27, 2020, and the mandate issued on September 21, 2020. *See* Case No. S-1-SC-36843. Stallings acknowledges receiving a copy of the opinion on September 2, 2020 from his attorney. *See* (Doc. 11) at 5 (Stallings' statement that he received a copy of the opinion on September 2, 2020); *see id.* at 25 (copy of letter to Stallings from his attorney dated August 27, 2020 and noting opinion is enclosed). Stallings argues that his appeal did not become final until the mandate was issued and that the appeal period should be tolled through October 13, 2021 – the date he received the mandate from his attorney. (Doc. 11) at 5.

The Tenth Circuit has made clear that "a state supreme court's decision was 'final' for purposes of calculation of the federal habeas statute of limitations," and the time-period is not tolled until the date the mandate issues. *See Brown v. Schnurr*, 845 Fed. App'x 798, 799 (10th Cir. 2021); *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). "Any confusion or misunderstanding on [Stallings'] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Ramirez v. Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019); *Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law . . . does not excuse prompt filing."). Stallings was aware of the August 27, 2020 NMSC decision and received a copy of that decision on September 2, 2020. He cannot demonstrate an extraordinary circumstance based on his confusion regarding the one-year limitation period or any delay in receiving the NMSC's mandate.

For each reason above, the Court concludes that Stallings' show-cause Response does not demonstrate that extraordinary circumstances prevented him from timely filing a § 2254 petition during the one-year period, *i.e.*, between January 25, 2021 and January 25, 2022, at the latest. Stallings therefore does not meet the first element of the equitable tolling test.

**B. Second Element of Equitable Tolling: Due Diligence**

Alternatively, even if Stallings could establish extraordinary circumstances, he does not show due diligence. *See Pena-Gonzales*, 2022 WL 214747, at *1 (A habeas petition must show both extraordinary circumstances and that the petitioner "diligently pursue[d] his federal claims while those circumstances existed."). To show "due diligence" in the habeas context, a petitioner must allege specific facts about the steps that he took to pursue his claim. *See Miller*, 141 F.3d at 978 (addressing due diligence under the equitable tolling standard, and noting the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition).

Stallings' Response to the show-cause Order focuses on the lockdowns, his physical and mental impairments, and his receipt of the NMSC mandate. *See* (Doc. 11). Stallings does not describe what particular steps (if any) he took to pursue his § 2254 claims during the pendency of the one-year limitation period. *See Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); *Donald*, 853 Fed. App'x at 234 (inmate who experiences COVID-19 lockdowns must still show "he was pursuing his rights diligently throughout the one-year window"). Stallings therefore fails to satisfy either prong of the equitable tolling test.

13

## II.     STATUTORY TOLLING

Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). The Court does not see a new constitutional right that the Supreme Court has identified that affects Stallings' claims, nor does Stallings identify new facts that have come to light regarding his conviction. The Court's analysis will therefore hinge on whether Stallings' state habeas petition was tolled appropriately and whether unconstitutional state action impeded Stallings' ability to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

As stated above, the Stallings' convictions became final on January 25, 2021 and the one-year limitation period expired on January 25, 2022. Stallings filed his first state habeas petition five months later, on June 27, 2022. *See* Habeas Corpus Petition in Case No. D-1116-CR-2015-00901 (filed June 27, 2022). The Tenth Circuit has held that state habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period."); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that the statute of limitations period is not reset when a state petition is denied); *Rashid v. Khulman*, 991 F. Supp 254, 259 (S.D.N.Y. 1998) ("The tolling

14

provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Supreme Court has created one exception to this rule. In *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The *Jimenez v. Quarterman* exception is inapplicable here because Stallings' direct appeal period was never reopened. Therefore, the state court orders denying Stallings' state habeas petition have no bearing on the timeliness of Stallings' § 2254 claims.

Stallings may also seek statutory tolling based on lack of access to a law library and legal resources on the theory that those circumstances were a state-created impediment to filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Aragon v. Williams*, 819 Fed. App'x 610, 613 (10th Cir. 2020). Here, however, the lack of library access and legal resources that Stallings experienced do not constitute a state-created impediment to filing, because, although inconvenient, they did not make it impossible for Stallings to file a federal habeas petition. Section 2244(d)(1)(B) requires a state prisoner to file his federal habeas petition within one year of "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Corson v. Colorado*, 722 Fed. App'x 831, 834 (10th Cir. 2018) (noting that § 2244(d)(1)(B) "relates to an impediment that prevents the filing of a federal court action") (citation omitted). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley*, 50 Fed. App'x at 403. For example, the petitioner must show

that the state action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner from filing the petition. *See, e.g., U.S. v. Thody*, 460 Fed. App'x 776, 780-81 (10th Cir. 2012) (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas petition, although he thought it would be useless because of a detainer). Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts … by denying an inmate access to his legal materials or a law library." *Aragon*, 819 Fed. App'x at 613. The lack of access, however, "must have actually prevented the inmate from filing his application." *Id.* (declining to apply tolling and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

Here, while Stallings contends he did not have consistent or adequate access to a legal library or resources, this lack of access did not prevent him from filing multiple times in another habeas case in this Court. *See Stallings v. Santistevan*, Civ. No. 20-14 JB/KBM (reflecting Stallings filed in this case on February 22, 2021; March 8, 2021; July 14, 2021; September 7, 2021; September 10, 2021; and October 4, 2021). The Court, therefore, concludes that Stallings' lack of access to legal resources does not statutorily toll the statute of limitations. The fact that Stallings was able to file in another case despite the lack of library access demonstrates the lack of access did not "actually prevent" him from filing a federal petition. *See Aragon*, 819 Fed. App'x at 613; *see also Garcia v. Hatch*, 343 Fed. App'x 316, 318-19 (10th Cir. 2009) ("While the quality of [the § 2254] petition might have been improved with greater legal assistance," the petitioner failed to show he was actually "incapable of filing a timely habeas petition given the resources available.").

For these reasons, the Court finds that Stallings' Response to the Show Cause Order does not establish grounds for equitable or statutory tolling. The one-year limitations period expired January 25, 2022, and the November 9, 2023 § 2254 Petition is time-barred.

### III. STALLINGS DOES NOT ESTABLISH AN ACTUAL INNOCENCE GATEWAY

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Actual innocence" in this context "means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (citation omitted). To take advantage of the "actual innocence" exception, a habeas petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error … ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. This new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 536-37 (2006) (discussing the showing necessary under the "actual innocence" exception). "Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Stallings states: "If this Court granted me an evidentiary hearing I believe I can prove actually [sic] innocence by retesting the water bottle they claim they found my DNA on." (Doc.

17

11) at 6. To the extent Stallings intends to raise an actual innocence claim, he does not describe evidence of such a quality and nature that it supports a conclusion "that it is more likely than not that no reasonable juror would have convicted [him] in light of the new evidence." *See Schlup*, 513 U.S. at 322. Stallings' actual innocence claim is not supported by "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Sandoval*, 447 Fed. App'x at 4. Instead, Stallings' claim is based on unsupported speculation. *See Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) ("An actual innocence claim must be based on more than the petitioner's speculations and conjectures.") Accordingly, Stallings has not presented evidence of actual innocence to overcome the time bar in this case.

In sum, the Court concludes that Stallings' Response to the Order to Show Cause does not establish grounds for tolling. The one-year limitations period expired on January 25, 2022, and the federal habeas proceeding filed on November 9, 2023 is time-barred. The Court must dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner Rick G. Stallings' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed November 9, 2023 (**Doc. 1**) is **DISMISSED with prejudice** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE